UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Yang Mee Thao-Xiong,

      Plaintiff,

v.

American Mortgage Corporation,
CitiMortgage, Inc., Usset, Wiengarden &
Liebo, PLLP and also all other persons,
unknown claiming any right, title, estate,
interest, or lien in the real estate described
in the complaint herein,

      Defendants.

File No. 13-cv-354 (MJD/TNL)

**REPORT
&
RECOMMENDATION**

---

William B. Butler, **Butler Liberty Law, LLC**, 33 South Sixth Street, Ste. 4100, Minneapolis, MN 55402 (for Plaintiff);

Jared M. Gorlitz, **Peterson, Fram & Berman, PA**, 55 East Fifth Street, Ste. 800, Saint Paul, MN 55101 (for Defendant CitiMortgage, Inc.); and

Gerald G. Workinger, Jr., **Usset, Wiengarden & Liebo, PLLP**, 4500 Park Glen Road, Suite 300, Minneapolis, MN 55416 (for Defendant Usset, Wiengarden & Liebo, PLLP).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Motion to Remand (ECF No. 8) and Defendants' Joint Motion to Dismiss (ECF No. 10). This action has been referred to the Magistrate Judge for report and recommendation to United States District Court Chief Judge Michael J. Davis pursuant to 28 U.S.C. § 636 and Local Rule 72.1(b). (*See* ECF No. 14.) Based upon the record, memoranda, and proceedings herein, the Court will recommend that Plaintiff's Motion to

1

Remand be denied, Defendants' Joint Motion to Dismiss be granted, and this matter be dismissed with prejudice.

I.  BACKGROUND

Plaintiff Yang Mee Thao-Xiong, a Minnesota citizen, owned the property located at 7341 Beard Avenue North, Brooklyn Park, Minnesota. (Am. Compl. ¶¶ 1–2, ECF No. 1–2.) On June 7, 2006, Plaintiff executed and delivered a note to Defendant American Mortgage Corporation,[1] which was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for American Mortgage Corporation. (*Id*. ¶ 6.) This mortgage was recorded with the Hennepin County Recorder on July 14, 2006. (*Id*. Ex. 1.)

On January 9, 2012, MERS assigned Plaintiff's mortgage to Defendant CitiMortgage, Inc. ("CMI"). (*Id*. Ex. 2.) A Notice of Pendency to Foreclose ("NOP") was executed by Brian Liebo of Defendant Usset, Weingarden & Liebo, PLLP ("Usset") as Attorney in Fact for CMI on January 17, 2012. (*Id*. ¶ 10.) This NOP was recorded with the Hennepin County Recorder on January 20, 2012. (*Id*. Ex. 3.) On February 14, 2012, a Notice of Pendency of Proceeding and Power of Attorney to Foreclose ("POA"), empowering Usset to foreclose, was executed by CMI; the POA was recorded on April 18, 2012 (*Id*. ¶ 14, Ex. 4.) A sheriff's sale of the property, noticed on January 17, 2012, was conducted on April 26, 2012. (*Id*. ¶ 16, Ex. 5.) CMI purchased the sheriff's certificate of sale. (*Id*. ¶ 16.)

---

[1] American Mortgage Corporation is an assumed name for Great American Mortgage Corporation. (Notice of Removal ¶ 8, ECF No. 1.)

2

Plaintiff filed the instant action in the State of Minnesota's Fourth Judicial District in Hennepin County on December 20, 2012, asserting four claims: (1) determination of adverse claims; (2) declaratory judgment; (3) negligence per se; and (4) slander of title. (Am. Compl. ¶¶ 29–50, ECF No. 1–2.) CMI removed the action to the United States District Court for the District of Minnesota. (ECF No. 1.) Plaintiff now moves to remand the case to state court on the grounds that this Court lacks subject matter jurisdiction. Defendants move to dismiss all claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II. PLAINTIFF'S MOTION TO REMAND

In her Motion to Remand, Plaintiff argues that this Court lacks subject matter jurisdiction because there is not complete diversity between Plaintiff and all Defendants. Federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between citizens of different states. 28 U.S.C. § 1332(a). Complete diversity must exist between all plaintiffs and all defendants for the district court to exercise jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Plaintiff is a citizen of Minnesota. Defendant CMI is incorporated under the laws of Delaware and its principle place of business is Missouri; Defendant Usset is a limited liability partnership organized under the laws of Minnesota.[2] (Notice of Removal ¶¶ 9–

---

[2] American Mortgage Corporation, now inactive and defunct, was previously organized under the laws of Minnesota. (Notice of Removal ¶ 8, ECF No. 1.) Its citizenship is of no relevance as it "is not a real party in interest, and is purely a formal or nominal party, [and] … its presence in

3

10, ECF No. 1.) Plaintiff argues that Usset's presence in this case destroys complete diversity and requires this Court remand this action to state court. Defendants assert that Usset was fraudulently joined, as the claims of negligence per se and slander of title against Usset have no basis in fact or law.

### A. Negligence Per Se

Plaintiff asserts that Defendant Usset violated Minn. Stat. § 580.05, thus breaching the duty it owed to Plaintiff.[3] Negligence per se is a form of negligence that results from violation of a statute. *E.g., Seim v. Garavalia*, 306 N.W.2d 806, 810 (Minn. 1981). In such a case, the statute creates a standard of care and violation of that statute is "conclusive evidence of duty and breach." *Gradjelick v. Hance*, 646 N.W.2d 225, 231 n.3 (Minn. 2002). As it applies to the instant case, however,

> [n]o state or federal court has ever found a violation of Minn. Stat. §§ 580.02 or 580.05 to be negligence per se. When negligence per se is appropriate, showing a violation of a statute substitutes for plaintiff's required showing of duty and breach.… But here, there is no indication that §§ 580.02 and 580.05 are negligence per se statutes. If the Minnesota Legislature ever intended §§ 580.02 and 580.05 as per se waivers of law firm immunity, [Plaintiff has] offered nothing to show it.

---

the case may be ignored in determining jurisdiction." *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977).

[3] Plaintiff argues that Defendant Usset also breached Minn. Stat. § 580.02 in its Motion to Remand. (Motion to Remand at 10, ECF No. 9.) Plaintiff's Amended Complaint, however, bases the claim of negligence per se on a violation of Minn. Stat. § 580.05 and the Minnesota Rules of Professional Conduct. (Am. Compl. ¶¶ 38–44, ECF No. 1–2.) As such, the alleged violation of Minn. Stat. § 580.02 will not be considered here. Furthermore, the alleged violation of the Minnesota Rules of Professional Conduct is without merit as those rules cannot create a cause of action against an attorney nor give the indication that a legal duty has been breached. Minn. R. Prof'l Conduct, Scope.

4

*Stilp v. HSBC Bank USA, N.A.*, No. 12-3098, 2013 WL 1175025, at *2 (D. Minn. Mar. 20, 2013) (internal citations omitted). Without any indication that § 580.05 is a negligence per se statute, Plaintiff's claim of negligence per se has no basis in law.

The negligence per se claim also lacks any basis in fact. Section 580.05 provides:

> When an attorney at law is employed to conduct such foreclosure, the authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, and recorded prior to the sale in the county where the foreclosure proceedings are had.

The sale of the property in question occurred on April 26, 2012. (Am. Compl. ¶ 16, ECF No. 1–2.) The POA, as the Plaintiff admits, was recorded on April 18, 2012, eight days before the sale. (*Id.* ¶ 14, Ex. 4). Accordingly, no violation of § 580.05 occurred, and Plaintiff's negligence per se claim has no basis in fact.

### B.  Slander of Title

Plaintiff also argues that the slander of title claim against Usset requires this action be remanded to state court. Slander of title requires proof of four elements: (1) a false statement concerning the real property owned by the plaintiff; (2) publishing the false statement to others; (3) that the false statement be published with malice; and (4) that the publication of that false statement of the property cause the plaintiff to suffer a pecuniary loss in the form of special damages. *Paider v. Hughes*, 615 N.W.2d 276, 279–80 (Minn. 2000).

This claim is baseless. Plaintiff premises this theory on the notion that the POA and the assignment of mortgage lacked proper authority. As discussed above, the POA was validly executed in accordance with Minn. Stat. § 580.05. *See supra* Part A.

Moreover, there is no evidence that the assignment of the mortgage lacked proper authority under Minn. Stat. § 507.413. Plaintiff argues that § 507.413 requires that a power of attorney be recorded prior to commencing a non-judicial foreclosure. By its plain language, however, § 507.413 contains no such requirement. Furthermore, § 507.413 has never been interpreted to require such. *See Jackson v. Mortgage Elec. Registration Sys., Inc.* 770 N.W.2d 487, 494–95 (Minn. 2009) (observing that § 507.413 serves a different purpose than foreclosure by advertisement statutes and does not modify them). The POA and assignment of mortgage were executed by persons with legal authority. As such, this claim has no basis in fact.

The slander of title claim also lacks any basis in law. In general, an "attorney acting within the scope of his employment as attorney is immune from liability to third persons for actions arising out of that professional relationship." *McDonald v. Stewart*, 182 N.W.2d 437, 440 (Minn. 1970). This immunity may be pierced if the attorney is dominated by his own personal interests or perpetuates a fraud or crime with his client. *Id*. But Plaintiff fails to make any specific allegations that Defendant Usset acted in any such manner. Because of that immunity, this claim has no basis in law.

Plaintiff cites *Mutua v. Deutsch Bank Nat. Trust Co.*, No. 11–CV–3761 (PJS/AJB), 2012 WL 1517241 (D. Minn. Apr. 30, 2012), for the proposition that the slander of title claim is a colorable one against Usset. *Mutua* involved a mortgage that was assigned seven times, with the defendant law firm being a party to four of those assignments. *Id*. at *6. In this case, however, "[plaintiff has] not pled, and the Court cannot discern, 'an unusually problematic chain of title.'" *Xiong v. Bank of America,*

*N.A.*, Civil No. 11-3377 (JRT/JSM), 2012 WL 4470274 (D. Minn. Sept. 27, 2012) (quoting *Mutua*, 2012 WL 1517241 at *7). Accordingly, *Mutua* is inapplicable and Plaintiff's slander of title claim has no basis in fact or law.

### C. Fraudulent Joinder

Fraudulent joinder is an exception to the complete diversity rule. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id*. If no reasonable basis in fact or law supports a claim against the nondiverse defendant, courts consider that defendant to have been fraudulently joined. *Id*.; *see also Karnatcheva v. JP Morgan Chase Bank, N.A.*, 704 F.3d 545, 546 (8th Cir. 2013) (finding fraudulent joinder in a nearly identical claim); *Murphy v. Aurora Loan Services, LLC*, 699 F.3d 1027, 1031–32 (8th Cir. 2012) (same).

Neither the negligence per se claim nor the slander of title claim against Defendant Usset has any basis in fact or law. Simply put, "Plaintiff['s] attorney knows from his own prior experience that law firms representing diverse Defendant Banks cannot be fraudulently joined to defeat diversity jurisdiction. Courts have rejected counsel's similar attempts to defeat diversity jurisdiction on multiple occasions." *Stilp*, 2013 WL 1175025, at *2. As such the Motion to Remand must be denied.

## III. DEFENDANTS' MOTION TO DISMISS

### A. Standard of Review

A party may move the court to dismiss a complaint if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In addition to the pleadings, a court may consider both materials "that are part of the public record," *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), and "materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

### B. Determination of Adverse Claims

Plaintiff first seeks a determination of adverse claims pursuant to Minn. Stat. § 559.01. Section 559.01 permits a person in possession of real property to "bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." But as Plaintiff's counsel well knows,

> actions to quiet title and determine adverse claims are equitable actions. . . . A plaintiff who seeks equity must come into court with clean hands. Plaintiffs in the present action come to court with unclean hands. They defaulted on their mortgage loans by failing to make promised payments. Plaintiffs now live in the houses without making payment, and they seek to declare their mortgages invalid after defaulting. . . . As a result, given their present state of default, plaintiffs cannot state a quiet-title claim, and dismissal is warranted.

*Novak v. JP Morgan Chase Bank, N.A.*, Civil No. 12–589 (DSD/LIB), 2012 WL 3638513 (D. Minn. Aug. 23, 2012) (internal citations and quotations omitted); *see also Stilp*, 2013 WL 1175025 at *4 (same). The same holds true in this case. Plaintiff defaulted on her

mortgage.  Because of this, Plaintiff's unclean hands prevent her from seeking equitable relief under Minn. Stat. § 559.01.

Even if it is assumed, arguendo, that a quiet-title claim were available to Plaintiff, she still "must state facts sufficient to allow the court to draw the reasonable inference that . . . she is in possession and that a defendant claims a right or title to the property, but has no such right or title."  *Novak*, 2012 WL 3638513 at *4.  But Plaintiff fails to plead that Defendant CMI has no right or title to the property.  Instead she claims that Usset lacked the authority to execute the NOP and POA.  This claim must be dismissed, as Plaintiff's "pleading[], on [its] face, [has] not provided anything to support [her] claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation. . . ."  *Karnatcheva*, 704 F.3d at 548.

### C. Declaratory Judgment

Plaintiff also seeks declaratory judgment pursuant to Minn. Stat. § 555.01 that the sheriff's certificate of sale, the assignment of the mortgage to CMI, the NOP, and the POA are void.  This claim also fails.  Plaintiff puts forth nothing in the realm of facts to suggest that the sheriff's certificate is void.  Indeed, sheriff's certificates of sale are prima facie evidence that all requirements of law have been followed.  Minn. Stat. § 580.19.  Plaintiff's conclusory allegation is not enough to withstand a motion to dismiss.

Nor can relief be granted for Plaintiff's claims that the assignment of mortgage, NOP, or POA should be voided.  Unlike a sheriff's certificate of sale, no statute provides that their existence is prima facie evidence they are valid.  But no statute is needed to dispense with this claim.  Again, Plaintiff has "not alleged any facts indicating that an

9

unauthorized individual signed any of the mortgages at issue. Without more, this 'shot in the dark' allegation does not meet the *Iqbal* and *Twombly* standard for pleading." *Blaylock v. Wells Fargo Bank, N.A.*, Civil No. 12–693 (ADM/LIB), 2012 WL 2529197 at *5 (D. Minn. June 29, 2012). Not only does the Complaint fail to state any facts indicating these are invalid, but its attachments show that the assignment of mortgage, NOP, and POA were all properly recorded. (Am. Compl. Exs. 2–4, ECF No. 1–2.) Indeed, Plaintiff's allegations are "soundly rebuffed by the public record which clearly shows that the assignments were properly recorded." *Blaylock*, 2012 WL 2529197 at *5. Moreover, Plaintiff lacks standing to challenge these agreements. *Kaylor v. Bank of America, N.A.*, Civil No. 12–1586 (DSD/SER), 2012 WL 6217443 (D. Minn. Dec. 13, 2012) (holding that homeowners lack standing to challenge assignments of mortgages as they are not a party to the agreement); *Novak*, 2012 WL 3638513 at *6 ("[P]laintiffs are not parties to those agreements, and lack standing to challenge.…). Accordingly, Plaintiff's claim seeking declaratory judgment must be dismissed.

**D. Negligence Per Se and Slander of Title**

As discussed above, Plaintiff's claims of negligence per se and slander of title against Defendant Usset have no basis in fact or law. Because of this, dismissal of those claims is appropriate.

[Continued on next page.]

**IV.   RECOMMENDATION**

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion to Remand (ECF No. 8) be **DENIED**;

2. Defendants' Joint Motion to Dismiss (ECF No. 10) be **GRANTED**; and

3. This matter be **DISMISSED WITH PREJUDICE**.


Date: July 1, 2013                     s/ Tony N. Leung
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       For the District of Minnesota

                                       *Thao-Xiang v. American Mortgage Corp., Inc., et al.*
                                       File No. 13-cv-354 (MJD/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  The Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **July 16, 2013.**